UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN FANTEL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 22-2921 (UNA) |
| ) | |
| JOSEPH R. BIDEN, JR. ) | |
| *President of the United States*, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**ORDER**

Petitioner, appearing *pro se*, has submitted an untitled document filed as a petition for writ of habeas corpus but also seeking a writ of mandamus, ECF No. 1, and a motion to proceed *in forma pauperis* ("IFP") ECF No. 2. Parties instituting a civil action in federal court are required to pay the applicable filing fee, 28 U.S.C. § 1914(a), unless granted IFP status, *id*. § 1915. The fee for a habeas petition is $5; the fee for a civil action, including mandamus petitions, is $402. *See* 28 U.S.C. § 1914(a) and Misc. Fee Schedule ¶ 14 (adding $52 administrative fee to $350 fee for civil actions).

Whether to permit or deny an application to proceed IFP is within the sound discretion of the court. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir.), *cert. denied*, 488 U.S. 941 (1988); *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir.), *cert. denied*, 375 U.S. 845 (1963). An individual need not "be absolutely destitute to enjoy the benefit of the [IFP] statute." *McKelton v. Bruno*, 428 F.2d 718, 719 (D.C. Cir. 1970), quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). But the movant should demonstrate that because of poverty, the movant cannot "pay or give security for the costs . . . and still be able to provide [for] the necessities of life." *Id*. at 719-20 (internal quotation marks omitted). "[C]ourts will generally look to whether the person is

1

employed, the person's annual salary, and any other property or assets the person may possess." *Schneller v. Prospect Park Nursing and Rehab. Ctr.*, No. 06-545, 2006 WL 1030284, *1 (E.D. Pa. Apr. 18, 2006), *appeal dismissed*, 2006 WL 3038596 (3d Cir. Oct. 26, 2006).  To that end, the party seeking IFP status must "submit[ ] an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).

In the docketed motion captioned "Assertion to proceed in forma pauperis," Petitioner states that he "refuses to request to proceed in forma pauperis[.]"  ECF No 2 at 1, 3.  Regardless, Petitioner's narrative comprising the motion does not enable an assessment of his ability to pay the filing fee.

Accordingly, it is

**ORDERED** that Petitioner's motion to proceed *in forma pauperis*, ECF No. 2, is **DENIED** without prejudice.  Within 30 days from the filing date of this order, Petitioner may (1) submit a properly executed IFP motion along with a motion to reconsider this order or (2) pay the applicable filing fee.[1]  Petitioner's failure to comply with this order within the time provided will result in dismissal of the case without prejudice.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

Date:  October 11, 2022

---

[1]  Form IFP applications are available at https://www.uscourts.gov/forms/fee-waiver-application-forms/order-proceed-without-prepaying-fees-or-costs.